ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 2 2 2011

JAMES N. HATTEN, Clerk
By: L. Wade-Childs
Deputy Clerk

UNITED STATES OF AMERICA         :
                                 :   CRIMINAL INDICTMENT
    v.                           :
                                 :   NO. 1:11-CR-74
HAROLD LANE WIGGINS, JR.;        :
ALFREDO ISMAEL CORRALES-AGUILAR; :
JOSE LUIS MARTINEZ-GRIJALVA,     :
    a/k/a "El Grande;" and       :
VIVIANO HERNANDEZ-CALLERO.       :

THE GRAND JURY CHARGES THAT:

COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least on and between January 23, 2011 and continuing until on or about January 30, 2011, in the Northern District of Georgia, the District of Arizona, and elsewhere, the defendants,

HAROLD LANE WIGGINS, JR.;
ALFREDO ISMAEL CORRALES-AGUILAR;
JOSE LUIS MARTINEZ-GRIJALVA, a/k/a "El Grande;" and
VIVIANO HERNANDEZ-CALLERO;

did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the intent to distribute a controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and

841(b)(1)(A)(ii)(II).

COUNT TWO

On or about January 26, 2011, in the District of Arizona, and elsewhere, the defendants,

ALFREDO ISMAEL CORRALES-AGUILAR;
JOSE LUIS MARTINEZ-GRIJALVA, a/k/a "El Grande;" and
VIVIANO HERNANDEZ-CALLERO;

aided and abetted by others, known and unknown, did knowingly and intentionally distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II), and Title 18 United States Code, Section 2.

COUNT THREE

On or about January 30, 2011, in the Northern District of Georgia and elsewhere, the defendant,

HAROLD LANE WIGGINS, JR.

aided and abetted by others, known and unknown, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii)(II), and Title 18 United States Code, Section 2.

COUNT FOUR

On or about January 30, 2011, in the District of Arizona, and elsewhere, the defendant,

VIVIANO HERNANDEZ-CALLERO;

knowingly possessed a firearm, that is, one Lorcin L380 semi-automatic handgun, bearing serial #543608, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, as set forth in Count One of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

FORFEITURE PROVISION

1. Upon conviction of the controlled substance offense alleged in Count One of this Indictment, the defendants:

HAROLD LANE WIGGINS, JR.;
ALFREDO ISMAEL CORRALES-AGUILAR;
JOSE LUIS MARTINEZ-GRIJALVA, a/k/a "El Grande;" and
VIVIANO HERNANDEZ-CALLERO;

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including, but not limited to, the following:

(a) A sum of money representing the amount of proceeds obtained as a result of the offense, specifically:

3

- $2,145.25 in US Currency; and

(b) The following firearms and ammunition:

- one Lorcin L380 semi-automatic handgun, bearing serial #543608.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable

property described above; all pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A ___True___ BILL

___/s/ Zuarda S. Vance___
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

___/s/___

CASSANDRA J. SCHANSMAN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Georgia Bar No. 183184